UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL 178 HEALTH & WELFARE TRUST FUND, on behalf of itself and others similarly situated<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ACTAVIS HOLDCO U.S., INC., et al.,<br><br>　　　　　　　　Defendants. | Case No. 17-cv-0144 (CMR) |

**<u>OUT-OF-STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 12(B)(2) MOTION TO DISMISS</u>**

Defendants Heritage Pharmaceuticals Inc. ("Heritage") and Upsher-Smith Laboratories, Inc. ("Upsher") (together, the "Out-of-State Defendants") submit this memorandum in support of their motion for an order dismissing all claims against them in this action pursuant to Fed. R. Civ. P. 12(b)(2).  (The Out-of-State Defendants also join in the Defendants' Joint Motion to Dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).)

**ARGUMENT**

**THE ENTIRE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(2), BECAUSE IT DOES NOT SUFFICIENTLY ALLEGE PERSONAL JURISDICTION OVER THE OUT-OF-STATE DEFENDANTS CONSISTENT WITH DUE PROCESS.**

**1.**  General personal jurisdiction is unavailable because Heritage, a Delaware corporation with principal place of business in Eatontown, New Jersey, is not "essentially at home" in the Eastern District of Pennsylvania.  *See Daimler AG v. Bauman*, 134 S.Ct. 746, 751 (2014). Likewise, general jurisdiction is unavailable as to Upsher, which is a Minnesota corporation, with its principal place of business in Maple Grove, Minnesota.  *Id.*; Compl. ¶¶ 26, 28.

**2.  (a)**  Specific personal jurisdiction is also unavailable because the Complaint makes no allegations about the Out-of-State Defendants' own conduct that could rank as "suit-related" acts

creating a "substantial connection" with this District.  *See Walden v. Fiore*, 134 S. Ct. 1115 (2014).  To make the *prima facie* showing of minimum contacts necessary to support "specific" personal jurisdiction, Local 178 must allege that *each* defendant's "suit-related conduct" establishes a "substantial connection" with Pennsylvania.  *Id*. at 1121.  That is, Local 178 must show that *its* claim arises from "activities" that Heritage or Upsher "'purposefully directed' . . . at the forum."  *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  There must be at least a "but for" causal relationship between the plaintiff's claims and the defendant's forum contacts.[1]

The Complaint alleges no "but for" connection between the Out-of-State Defendants' Pennsylvania contacts and Local 178's Missouri-centered claims; indeed, it alleges no contacts between the Out-of-State Defendants and Pennsylvania at all.  Local 178—a third-party payor "located" in Missouri, none of whose covered members are even alleged to reside in Pennsylvania (Compl. ¶ 14)—is not alleged to have transacted or even communicated with either Heritage or Upsher in Pennsylvania.  Nor is Heritage or Upsher even alleged to have transacted or communicated in Pennsylvania with other Defendants.  Moreover, the Complaint shows no in-forum "effects" of alleged out-of-forum conduct under *Calder*.

Any speculation here that there are putative class members in Pennsylvania is inadequate.  Personal jurisdiction must be measured based on the claim of the named plaintiff, not absentees

---

[1] *See Walden*, 134 S. Ct. at 1124 (reasoning that there was specific jurisdiction in California over the defamation defendants in *Calder v. Jones*, 465 U.S. 783 (1984), because "the reputational injury caused by the defendants' story would not have occurred but for the fact that the defendants wrote an article for publication in California that was read by a large number of California citizens") (emphasis added); *O'Connor*, 496 F.3d at 323 ("specific jurisdiction requires a closer and more direct causal connection than that provided by the but-for test . . . . The causal connection can be somewhat looser than the tort concept of proximate causation, but it must nonetheless be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable.") (citation omitted).

not before the Court.  Article III of the U.S. Constitution compels focusing on the named plaintiffs:  They lack standing to sue based on the alleged injuries of nonparties, including unnamed members of the putative class.[2]

**(b)** While the Complaint draws on the guilty pleas of former Heritage executives to allege conspiracies, no such alleged conspiracy can be the basis for personal jurisdiction over Heritage or Upsher in Pennsylvania.  Even if the conspiracy theory of personal jurisdiction found in Pennsylvania law were valid, the Complaint contains no allegations meeting the requirements of that theory.  As for the guilty pleas by former Heritage executives, those former executives' contacts with Pennsylvania are nowhere alleged.[3]  In any event, the personal jurisdiction assessment is defendant-specific: "Each defendant's contacts with the forum State must be assessed individually."  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("The requirements of *International Shoe* . . . must be met as to *each* defendant") (emphasis added).  This requirement of individual assessment forecloses resort to any "conspiracy" theory of personal jurisdiction.

   **3.**  Reliance on plea agreements by the former executives does not show consent to personal jurisdiction over this action.  The former executives are not parties to this action.  In any event, "[a] party's consent to jurisdiction in one case extends to that case alone.  It in no way

---

[2] "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 n.6 (2016) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n.20 (1976)); *see O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

[3] "For a non-forum co-conspirator to be subject to personal jurisdiction, Pennsylvania law requires that plaintiff must allege that substantial acts in furtherance of the conspiracy occurred within the forum state and that the foreign defendant was, or should have been, aware of them. . . . It is not enough that the non-forum co-conspirator is part of the conspiracy as plaintiff must plead the defendant's involvement *with specificity*." *Sugartown Worldwide LLC v. Shanks*, No. 14-cv-5063, 2015 WL 1312572, at *4 (E.D. Pa. Mar. 24, 2015) (internal quotation marks and citations omitted) (emphasis added).

opens that party up to other lawsuits in the same jurisdiction in which consent was given, where the party does not consent and no other jurisdictional basis is available." *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 50 n.5 (2d Cir. 1991).[4]

**4.** Local 178 has not established personal jurisdiction via the Clayton Act's nationwide service of process provision, 15 U.S.C. § 22, *i.e.*, based on contacts with the entire United States. The federal claim for injunctive relief—without continuing or threatened injury, *see City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)—fails, including for the reasons explained in the Joint Motion.  That facially invalid claim cannot trigger the Clayton Act's service of process provision; and there is no warrant for construing the Clayton Act to allow "nationwide" jurisdiction solely to adjudicate Local 178's *state-law* damages claims.  Thus, although *Daimler* and *Walden* require rejecting the "nationwide contacts" approach as inadequate under the Due Process Clause, there is no need to reach that serious question here.  *See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 516 F. Supp. 2d 324, 337-38 (D. Del. 2007) ("the Third Circuit has never applied a 'national contacts' test . . . over a *domestic antitrust* defendant") (emphasis added), *aff'd on other grounds*, 602 F.3d 237 (3d Cir. 2010).

## CONCLUSION

The Out-of-State Defendants respectfully request that the Court dismiss them from this action because on the face of the Complaint, the Court lacks personal jurisdiction over them.

---

[4] *See also In re Papst Licensing GMBH & Co. KG Litig.*, 590 F. Supp. 2d 94, 100-01 (D.D.C. 2008) (rejecting contention that opponent's waiver of personal jurisdiction in another federal case in the District of Columbia was "deemed to have waived the issue" in instant case "because consent to personal jurisdiction in one case does not provide personal jurisdiction in another"). That principle applies with equal force when the prior case is a "related" criminal proceeding. *See United States v. 51 Pieces of Real Property, Roswell, New Mexico*, 17 F.3d 1306, 1313 (10th Cir. 1994) ("exercise of personal jurisdiction" over criminal defendant "did not automatically confer" jurisdiction as to government's civil forfeiture suit).

| | |
|---|---|
| DATED: March 7, 2017 | Respectfully submitted, |
| <u>/s/ Jay P. Lefkowitz., P.C.</u> | <u>/s/ D. Jarrett Arp</u> |
| Jay P. Lefkowitz., P.C. | D. Jarrett Arp |
| Devora W. Allon | Melanie L. Katsur |
| KIRKLAND & ELLIS LLP | GIBSON, DUNN & CRUTCHER LLP |
| 601 Lexington Avenue | 1050 Connecticut Avenue, N.W. |
| New York, New York  10022 | Washington, D.C.  20036 |
| Telephone: (212) 446-4800 | Telephone: (202) 955-8500 |
| Facsimile: (212) 446-6460 | Facsimile: (202) 530-9527 |
| lefkowitz@kirkland.com | jarp@gibsondunn.com |
| devora.allon@kirkland.com | mkatsur@gibsondunn.com |
| ***Attorneys for Defendant*** | ***Attorneys for Defendant*** |
| ***Upsher-Smith Laboratories, Inc.*** | ***Heritage Pharmaceuticals Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2017, a copy of Out-of-State Defendants' Memorandum of Law in Support of their Rule 12(b)(2) Motion to Dismiss was filed using the CM/ECF system.  In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

<u>/s/ D. Jarrett Arp</u>
D. Jarrett Arp